IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. ABRAHAM GUTIERREZ-OJEDA, *Defendant.* | Case No. 19-10137-09-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Abraham Gutierrez-Ojeda's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 426).[1] He seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. For the reasons stated below, the Court dismisses Defendant's motion.

On December 13, 2021, Defendant pleaded guilty to Count I of the Superseding Indictment, distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On April 25, 2022, the Court sentenced Defendant to 86 months' imprisonment. On May 13, 2024, Defendant submitted this motion seeking a reduction in his sentence. The government opposes the motion.

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2]  Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Defendant states that he is a zero-point offender and requests that his sentence be reduced. Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4]  Part A of Amendment 821 limits the criminal history impact of "status points," and Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5]

In this case, Defendant is indeed a zero-point offender.  But he is still not entitled to relief. Pursuant to § 4C1.1, an adjustment for certain zero-point offenders is only warranted if all the criteria are met.[6]  One of the requirements is that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited June 11, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] *See* U.S.S.G. § 4C1.1(a)(1)-(10) (stating that if the defendant meets *all* ten requirements, the defendant's offense level will be decreased by two levels).

another participant to do so) in connection with the offense."[7]  According to Defendant's PSR, he possessed a firearm during the offense.  Thus, Defendant is ineligible for a sentence reduction.[8]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 426) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 11th day of June, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] U.S.S.G. § 4C1.1(a)(7).

[8] *See also United States v. Foy*, 2024 WL 1604634, at *2 (D. Kan. April 12, 2024) (finding that the defendant received a two-level enhancement for possessing a firearm in connection with his offense and was thus ineligible for a sentence reduction pursuant to U.S.S.G. § 4C1.1.(a)(7)).